**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Lewis Hobson, | ) | No. CV 07-1177-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Reddi-Services, | ) | |
| Defendant. | ) | |

The court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Therefore, the court will do so in this order.

**I.    Legal Standards**

**A.    28 U.S.C. § § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that

section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**B.     Rule 8**, **Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

**II.     Analysis**

**A.     Plaintiff's Complaint**

Plaintiff's complaint does not satisfy the requirements of Rule 8. He does not provide

- 2 -

1   a "short and plain statement" for each claim.  In fact, his complaint is not broken out into
2   claims.  Instead, Plaintiff states the following under the heading "Extraordinary Writ":
3   Violation of Federal Mandate by Reddi-Services, Second Offense of Violation of Equal Pay
4   Act." (Dkt 1 at 2).  Plaintiff then states that this is significant due to the "covert nature using
5   Olsen v. USA (mind control)" in his treatment.  <u>Id</u>.  Based upon the information provided in
6   the complaint, the Court is unable to evaluate whether Plaintiff states a claim.  The court will
7   not order that the complaint be served nor that in forma pauperis status be conferred unless
8   the complaint complies with Rule 8 and properly states a claim.

### B.   Leave to Amend

The Court will give Plaintiff <u>ONE</u> opportunity to amend the complaint.  Plaintiff must:

> make clear [his] allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

Further, like the Plaintiff in *Kennedy*,

> **Plaintiff is warned that if [he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.**  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)(affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

### III.   Conclusion

Based on the foregoing,

1. **IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. #2) is **DENIED**; Plaintiff shall either pay the filing fee or filing a conforming motion to proceed in forma pauperis (signed by both plaintiffs) by **September 28, 2007.** If Plaintiff fail to do one of these two options by **September 28, 2007**, the Clerk of the Court shall enter judgment of dismissal, without prejudice.

2. **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to comply with Rule 8, with leave to file an amended complaint by **October 5, 2007.**

3. **IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **October 5, 2007**, the Clerk of the Court shall enter judgment of dismissal, without prejudice.

4. **IT IS FURTHER ORDERED** that, if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

DATED this 31st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge